**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In re:

RAMS ASSOCIATES, LP,

　　　　　　　　　　Debtor.

JOSEPH CARBALLEIRA,

　　　　　　　　　　Appellant,

　　　v.

EDWARD BOND, Litigation Trustee,

　　　　　　　　　　Appellee.

Civ. No. 20-14965

ON APPEAL FROM AN
ORDER OF THE UNITED
STATES BANKRUPTCY
COURT FOR THE
DISTRICT OF NEW
JERSEY
(Adv. Pro. No. 15-1224)

**OPINION**

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter comes before the Court upon the appeal of the final judgment of the U.S.

Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") filed by Appellant

Joseph Carballeira. (ECF No. 1.) The Court has decided this matter based on the parties' written

submissions and without oral argument. For the reasons stated herein, the Order of the

Bankruptcy Court (Adv. Pro. No. 15-1224, ECF No. 69) is affirmed.

**BACKGROUND**

This case arises from a bankruptcy proceeding involving a winter sports complex. In

1990, Carballeira and others formed Rams Associates ("Rams"), a limited partnership in the

State of New Jersey. (Adversary Compl. ¶ 8, ECF No. 5-1.) Rams was formed for the purpose of

buying and operating a hockey and ice-skating facility in Farmingdale, New Jersey. (*Id.*)

Carballeira is a General Partner of Rams, with an approximately thirteen percent share in the partnership. (*Id.* ¶¶ 10, 24.) In 2013, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Rams. (*Id.* ¶ 11.) Shortly after, Rams filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (*Id.* ¶ 12.) The Bankruptcy Court consolidated the petitions and oversaw the proceedings for several years. (*Id.* ¶ 14.)

On May 23, 2014, the Bankruptcy Court issued a Confirmation Order, which confirmed Rams' Second Modified Chapter 11 Plan. (*Id.* ¶¶ 15–17.) At the time, Carballeira held a $1.75 million secured interest in Rams in the form of a mortgage. (Confirmation Order at 13, ECF No. 5-1; Tr. of Aug. 11, 2020 Arg. at 7, ECF No. 5-2.) Per the Confirmation Order, Carballeira agreed to waive any distributions from the bankruptcy in exchange for release under an asset purchase agreement that sold "substantially all of [Rams'] assets" to a third-party buyer (the "Carballeira Waiver"). (Confirmation Order at 3, 13.) The Confirmation Order also created a litigation trust and named Edward Bond as Litigation Trustee. (Adversary Compl. ¶¶ 18–19.) The litigation trust was formed to bring claims against the general partners of Rams to hold them personally liable for the partnership's outstanding debts. (*Id.* ¶¶ 20–22.)

On February 23, 2015, the Litigation Trustee filed an adversary proceeding against Carballeira and two other Rams general partners: Brian Sabo and Worthington Capital LLC ("Worthington Capital"). (*Id.* ¶¶ 4–7.) Sabo and Worthington Capital both filed motions to dismiss; Carballeira did not answer or otherwise respond to the complaint. (Carballeira Cert. ¶¶ 36, 44, ECF No. 5-1.) The Litigation Trustee subsequently settled with Sabo and Worthington Capital. (*Id.* ¶ 38.) On August 11, 2016, the Litigation Trustee requested default judgment against Carballeira, who still had not answered the complaint. (*Id.* ¶ 39.) Three days later, the Bankruptcy Court entered default judgment against Carballeira in the amount of $3,314,715.03

(the "Judgment"). (Default J. Order at 2, ECF No. 5-1.) The Judgment represented all of Rams'

outstanding unsecured debt, not including the funds already distributed pursuant to the

Confirmation Order. (Appl. for Default J. ¶ 32, ECF No. 5-1.)

Over eight months later, on April 28, 2017, Carballeira moved to vacate the Judgment.

(Carballeira Cert. ¶¶ 45–46.) Carballeira asserted that he had been unaware of the adversary

proceeding because he moved to a new address. (*Id.* ¶ 44.) The Bankruptcy Court heard oral

argument and denied the Motion. (*Id.* ¶ 47.) Carballeira moved for reconsideration. (*Id.* ¶ 48.)

The Bankruptcy Court again heard oral argument and again denied Carballeira's Motion. (*Id.*)

On December 4, 2017, William Heinzerling, one of Rams' creditors, filed an affidavit

waiving his outstanding $1.8 million unsecured claim (the "Heinzerling Claim"). (Heinzerling

Aff. ¶¶ 2–5, ECF No. 5-1.)

On July 3, 2020, Carballeira petitioned the Bankruptcy Court for a Warrant for

Satisfaction of Judgment. (Mot. to Compel Warrant for Satisfaction of J. at 1, ECF No. 5-1.)

Specifically, he argued that the $1.75 million Carballeira Waiver entitled him to a $1.75 million

deduction from the Judgment. (Carballeira Cert. ¶ 60.) He also argued that the Heinzerling Claim

should be deducted from the Judgment. (*Id.* ¶¶ 27–29.) Therefore, in Carballeira's view, because

the Carballeira Waiver and the Heinzerling Claim—together, totaling $3.55 million—exceeded

the amount he owed, he was entitled to a Warrant for Satisfaction of Judgment. (Appellant's Br.

at 16, ECF No. 5.)

The Bankruptcy Court heard oral argument on August 11, 2020. (*Id.* at 12.) The

Bankruptcy Court denied Carballeira's Motion at the conclusion of the hearing and issued a

written Order the next day ("Warrant for Satisfaction Order"). (Warrant for Satisfaction Order at

1–2, ECF No. 5-1.)

On September 11, 2020, Carballeira moved for reconsideration. (Mot. for Recons. at 2, ECF No. 5-1.) He argued that the Bankruptcy Court's denial of his prior Motion constituted error "resulting in manifest injustice." (Turner Cert. ¶ 16–18, ECF No. 5-1.) The Bankruptcy Court heard oral argument on October 20, 2020. (Tr. of Oct. 20, 2020 Arg. at 1, ECF No. 5-3.) The Bankruptcy Court denied Carballeira's Motion at the conclusion of the hearing and issued a written Order the next day ("Reconsideration Order"). (*Id.* at 17; Mot. for Recons. Order at 2, ECF No. 5-1.)

On October 26, 2020, Carballeira filed a Notice of Appeal with this Court. (ECF No. 1.) Carballeira argues that the Bankruptcy Court erred by failing to follow its previous orders and by failing to discharge the Heinzerling Claim. (Appellant's Br. at 12–15.) Carballeira filed a principal brief (ECF No. 5), the Litigation Trustee filed an Opposition (ECF No. 6), and Carballeira filed a Reply (ECF No. 7). Carballeira's appeal is presently before the Court.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Court had jurisdiction over this action under 28 U.S.C. § 157(b). This Court has jurisdiction under 28 U.S.C. § 158(a).

The Court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *FTC v. AbbVie Inc.*, 976 F.3d 327, 368 (3d Cir. 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). The

Court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

## **DISCUSSION**

### I.      **Timeliness of Appeal**

Carballeira maintains that he is appealing two Orders of the Bankruptcy Court: the Warrant for Satisfaction Order and the Reconsideration Order. (Notice of Appeal at 2, ECF No. 1.) Carballeira filed his Notice of Appeal with the Bankruptcy Court on October 23, 2020 (Adv. Pro. No. 15-1224, ECF No. 71), and his Notice of Appeal with this Court on October 26, 2020 (ECF No. 1).

Appeals from a Bankruptcy Court must be brought in the District Court "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Under Rule 8002, an appeal must be filed "within [fourteen] days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The fourteen-day limit is jurisdictional. *See In re Abdul-Malik*, 143 F. App'x 476, 477 (3d Cir. 2005) (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997)).[1]

The Bankruptcy Court denied Carballeira's Motion to Compel a Warrant for Satisfaction of Judgment on August 12, 2020. (Warrant for Satisfaction Order at 2.) His notice of appeal as to that Order, therefore, was due within fourteen days of the Order's entry. *See* Fed. R. Bankr. P. 8002(a). However, the Bankruptcy Rules modify the time to appeal if a party files certain types of motions in the Bankruptcy Court. Specifically, Rule 8002(b)(1) provides, in relevant part:

---

[1] Neither party raises the issue of the timeliness of Carballeira's appeal. However, the Court will consider the issue because "[t]he failure to file a timely notice of appeal [from a Bankruptcy Court order] creates a jurisdictional defect barring appellate review." *In re Taylor*, 343 F. App'x 753, 755 (3d Cir. 2009) (quoting *S'holders*, 109 F.3d at 879).

> If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . .
>
> > (B) to alter or amend the judgment under Rule 9023; . . .
> >
> > (D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

Fed. R. Bankr. P. 8002(b)(1). Carballeira did not file a Notice of Appeal within fourteen days and opted instead to file a Motion for Reconsideration. (Mot. for Recons. at 1–2.) So, if Carballeira's Motion for Reconsideration falls within the ambit of Rule 8002(b)(1), then his time to appeal the Bankruptcy Court's Warrant for Satisfaction Order is extended fourteen days from the entry of the Bankruptcy's Court's Reconsideration Order. *See In re Syntax-Brillian Corp.*, 689 F. App'x 145, 150 fn.2 (3d Cir. 2017).

Rule 9024 and Rule 9023 of the Federal Rules of Bankruptcy Procedure govern motions for reconsideration. *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 308, 311 (3d Cir. 2018); *see also In re Reading Broad., Inc.*, 386 B.R. 562, 567–69 (E.D. Pa. 2008). It is not clear which Rule Carballeira relied upon in the Bankruptcy Court. (*See* Appellant's Br. at 7, 15; Turner Cert. ¶¶ 2, 14–18.) Under either Rule, a party must file a motion for reconsideration within fourteen days from the entry of judgment to receive the benefit of the Rule 8002(b)(1) extension. *See* Fed. R. Bankr. P. 8002(b)(1); 9023.[2]

Here, Carballeira's Motion for Reconsideration was filed on September 11, 2020, more than fourteen days after the Bankruptcy Court denied the underlying Motion on August 12, 2020.

---

[2] Rule 8002(b)(1) only provides an extension to appeal if a party's motion "for relief under Rule 9024 . . . is filed within [fourteen] days after the judgment is entered." *See* Fed. R. Bankr. P. 8002(b)(1)(D). And Rule 9023, by its own terms, requires a party's motion to be filed "no later than [fourteen] days after entry of judgment." *See* Fed. R. Bankr. P. 9023.

(Adv. Pro. No. 15-1224, ECF No. 64.) Therefore, the Rule 8002(b) extension does not apply, and

Carballeira was required to file his appeal of the Warrant for Satisfaction Order within fourteen

days from the Order's entry. *See* Fed. R. Bankr. P. 8002(a). Because Carballeira did not file his

appeal within this window, the Court does not have jurisdiction to consider it. *See Abdul-Malik*,

143 F. App'x at 478. As a result, the Court's instant review is limited to the Bankruptcy Court's

Reconsideration Order, for which Carballeira's Notice of Appeal was timely filed.

## II.  Reconsideration

 "Generally, the denial of a motion for reconsideration is reviewed for an abuse of

discretion." *N. River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). To

the extent the denial is based on legal issues, that determination is reviewed de novo, while

factual findings are reviewed for clear error. *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d

182, 186 (3d Cir. 2021). Because the Bankruptcy Court's denial of Carballeira's Motion for

Reconsideration was based on legal issues, the Court will review the denial de novo.

### A.  *Applicable Rules*

The Federal Rules of Bankruptcy Procedure treat motions for reconsideration as filed

pursuant to Rule 9024 or Rule 9023. *See In re Energy Future Holdings*, 904 F.3d at 311. As

stated, it is not clear which Rule Carballeira relied upon in the Bankruptcy Court, and the parties'

filings in this Court do not provide further clarity. For instance, Carballeira cites the Rule 9023

standard for reconsideration in his brief. (Appellant's Br. at 15.) But in his Reply, Carballeira

characterizes the relief requested as sought pursuant to Rule 9024. (Reply at 5, ECF No. 7). The

parties discussed both Rules during oral argument before the Bankruptcy Court. (*See* Tr. of Oct.

20, 2020 Arg. at 8, 12.) The Court concludes that under either standard, the Bankruptcy Court

did not err in denying Carballeira's Motion for Reconsideration.

B.      *Rule 9024*

Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 of the Federal

Rules of Civil Procedure applicable to bankruptcy proceedings. *See* Fed. R. Bankr. P. 9024.

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have
>      been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>      misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an
>      earlier judgment that has been reversed or vacated; or applying it
>      prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b) motions are "extraordinary relief which should be

granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950

F.2d 919, 930 (3d Cir. 1991). Carballeira appears to rely on Rule 60(b)(5), arguing that the

Judgment against him "has been satisfied, released, or discharged." *See* Fed. R. Civ. P. 60(b)(5).

The Bankruptcy Court denied Carballeira's underlying Motion to Compel a Warrant for

Satisfaction of Judgment, thereby indicating that, in the Bankruptcy Court's view, the Judgment

against Carballeira had not been satisfied. Specifically, the Bankruptcy Court found that the

Carballeira Waiver did not constitute a valid set-off and declined to expunge the Heinzerling

Claim. (*See* Tr. of Aug. 11, 2020 Arg. at 9–12; Tr. of Oct. 20, 2020 Arg. at 17–18.) The

Bankruptcy Court subsequently denied Carballeira's request for reconsideration of the same

issues. The Court will address the Carballeira Waiver and the Heinzerling Claim in turn.[3]

   1.     Carballeira Waiver

Carballeira contends that the Carballeira Waiver is a valid set-off that should be deducted

from the Judgment. (Appellant's Br. at 13.) Setoff "allows parties that owe mutual debts to state

the accounts between them, subtract one from the other and pay only the balance." *In re Bevill,*

*Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 57 (3d Cir. 1990). Section 553 of the

Bankruptcy Code preserves a party's set-off right:

> Except as otherwise provided . . . , this title does not affect any right of a creditor
> to offset a mutual debt owing by such creditor to the debtor . . . against a claim of
> such creditor against the debtor . . . .

11 U.S.C. § 553(a). A valid set-off requires mutuality. *In re Orexigen Therapeutics, Inc.*, 990

F.3d 748, 752 (3d Cir. 2021). Mutuality means "only debts owing between two parties,

specifically those owing from a creditor directly to the debtor and, in turn, owing from the debtor

directly to that creditor." *Id.* at 754; *see also In re SemCrude, L.P.*, 399 B.R. 388, 393 (Bankr. D.

Del. 2009) ("[D]ebts are considered mutual only when they are due to and from the same persons

in the same capacity.") (internal quotation marks omitted)).

Here, the Confirmation Order expressly provided for set-offs. (Confirmation Order at 16.)

---

[3] Carballeira also appears to raise questions regarding the validity of the litigation trust. In his
brief, Carballeira notes that the Confirmation Order "specifically provided the litigation trust
shall terminate no later than the fifth anniversary of the effective date absent further order of the
Bankruptcy Court," and that "[t]he motions at issue in this appeal occurred more than five years
after the litigation trust was created." (Appellant's Br. at 8, ECF No. 5.) Carballeira does not
make additional legal arguments aside from these two sentences. (*See id.* at 8–16.) Because
Carballeira did not raise this issue before the Bankruptcy Court and does so only in passing here,
the Court will not consider it on appeal. *See Brenner v. Loc. 514, United Bhd. of Carpenters &
Joiners of America*, 927 F.2d 1283, 1298 (3d Cir. 1991) (explaining that "it is well established
that failure to raise an issue in the district court constitutes a waiver of the argument"); *see also
In re Y.J. Sons & Co., Inc.*, 212 B.R. 793, 807 (D.N.J. 1997) (holding that the party waived
objection to imposition of Rule 11 sanctions where "[t]he issue was not raised before the
Bankruptcy Court and is raised only in the most conclusory fashion on appeal").

Specifically, the Confirmation Order permitted a defendant in litigation brought by the Litigation Trustee to assert a set-off if the defendant was "required by a Final Order to make payment to the Litigation Trust . . . and [] is permitted by a Final Order to assert a right of setoff under section 553 of the Bankruptcy Code or applicable non-bankruptcy law" ("Set-Off Provision"). (*Id.*)[4]

The Bankruptcy Court concluded that Carballeira was not entitled to a set-off. (Tr. of Aug. 11, 2020 Arg. at 12.) The Bankruptcy Court reasoned that "[w]hatever claim [Carballeira] has against the partnership, [it] is not something that can be set[-]off against . . . other allowed unsecured claims of the partnership." (*Id.*) The Bankruptcy Court emphasized that the Judgment against Carballeira consisted of unsecured debt owed to other Rams creditors, and that, as a general partner, Carballeira is "100 percent liable for . . . the remaining unsecured debt." (*Id.*)

The Bankruptcy Court did not err in reaching this conclusion. The $3,314,715.03 Judgment against Carballeira consists of unsecured debts owed to Rams' creditors, who are listed by name in the Amount Due Calculation. (*See* Appl. for Default J. Ex. D, ECF No. 5-1.) However, the Carballeira Waiver does not consist of money that the same unsecured Rams creditors owe Carballeira; it consists of money that Rams purportedly owes Carballeira. Thus,

---

[4] The Set-Off Provision in the Confirmation Order reads in full:

> Notwithstanding anything contained herein to the contrary, in the event that a defendant in a litigation brought by the Litigation Trustee for and on behalf of the Litigation Trust (i) is required by a Final Order to make payment to the Litigation Trust (the "Judgment Amount"), and (ii) is permitted by a Final Order to assert a right of setoff under section 553 of the Bankruptcy Code or applicable non-bankruptcy law against the Judgment Amount (a "Valid Setoff"), (y) such defendant shall be obligated to pay only the excess, if any, of the amount of the Judgment Amount over the Valid Setoff and (z) none of the Litigation Trust, the Beneficiaries shall be entitled to assert a claim against the Debtor or the Litigation Trust with respect to the Valid Setoff.

(Confirmation Order at 16, ECF No. 5-1.)

the debts are not mutual, because they "are not due to and from the same persons in the same capacity." *See SemCrude*, 399 B.R. at 393. Because the mutuality requirement is not satisfied, no valid set-off exists.

Carballeira's argument that the Bankruptcy Court violated the law-of-the-case doctrine fails for the same reason. (*See* Appellant's Br. at 12.) The Confirmation Order requires any set-off to be valid under § 553 or applicable non-bankruptcy law. (Confirmation Order at 16.) As explained, Carballeira does not have a valid set-off under § 553, and he has not identified any other basis for his claimed set-off. Thus, the Set-Off Provision is not applicable, and the Bankruptcy Court did not fail to follow its previous orders.

### 2.    Heinzerling Claim

Caballeria also argues that the Bankruptcy Court erred by "failing to acknowledge" the "uncontested waiver" of the Heinzerling Claim. (Appellant's Br. at 16.) Under § 502(a) of the Bankruptcy Code, "a claim[,] . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

The Bankruptcy Court declined to expunge or otherwise discharge the Heinzerling Claim in response to Carballeira's Motions. The Bankruptcy Court explained during oral argument that it "was not deciding the Heinzerling [Claim] in [the Motion for Reconsideration] . . . , or the prior [M]otion because Mr. Heinzerling was not noticed and not included" in the Motions, and further emphasized that it was "not going to comment on the Heinzerling [C]laim or waiver thereof without his being noticed of the discussion." (Tr. of Oct. 20, 2020 Arg. at 17–18.)

This decision was not in error. The parties do not dispute that the Heinzerling Claim was

filed in accordance with the applicable rules; consequently, it is prima facie valid. *See* Fed. R. Bankr. P. 3001(f).[5] The parties agree that a motion to expunge is the appropriate avenue to discharge the Heinzerling Claim, (*see* Appellee's Br. at 6, ECF No. 6; Reply at 2), and the Bankruptcy Court indicated that it is willing to consider such a motion should it be filed (*see* Tr. of Oct. 20, 2020 Arg. at 8–10). The primary disagreement appears to be over which party should bear the $1,167.00 cost of filing the appropriate motion in the Bankruptcy Court. (*See* Appellee's Br. at 6; Reply at 2.) Carballeira argues that "[t]he obligation to file the expungement or waiver falls well within constructs of the Litigation Trustee's charge and fiduciary responsibility." (Reply at 2.) Even if true, it is the role of this Court to review the orders of the Bankruptcy Court, not to direct the filings of the parties. Carballeira points to no Rule or legal authority that requires the Bankruptcy Court to expunge a claim when no corresponding properly noticed motion to expunge has been filed. The Court concludes that the Bankruptcy Court's decision not to expunge or otherwise discharge the Heinzerling Claim upon Carballeira's Motions did not constitute legal error.

For these reasons, the Bankruptcy Court did not err by concluding that the Judgment against Carballeira was not satisfied.

C. *Rule 9023*

Rule 9023 of the Federal Rules of Bankruptcy Procedure makes Rule 59 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. *See* Fed. R. Bankr. P. 9023. Under this standard, the moving party must rely on one of three grounds: (1) an intervening

---

[5] On June 13, 2014, the Bankruptcy Court expunged the Heinzerling Claim upon the request of other creditors. (Expungement Order at 2, ECF No. 5-1.) However, on September 5, 2014, the Bankruptcy Court vacated the Expungement Order upon stipulation of the same creditors and Heinzerling. (Order to Set Aside Order at 2, ECF No. 5-1.)

change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice. *N. River Ins. Co.*, 52 F.3d at 1218. Carballeira relies on the third ground: clear error or manifest injustice. (Appellant's Br. at 15.)

The Bankruptcy Court concluded that the underlying judgment did not "rise to the level of manifest injustice." (Tr. of Oct. 20, 2020 Arg. at 15.) The Bankruptcy Court reasoned that Carballeira "disagrees with [the Bankruptcy] Court's analysis of the law, yet he has not cited to an authority which would lead to the conclusion that the [Bankruptcy] Court utilized the wrong standard or that its application of the law was dead wrong." (*Id.*) Because there was no clear error of law or fact and no manifest injustice, the Bankruptcy Court denied Carballeira's Motion for Reconsideration. (*Id.*)

As a preliminary matter, it appears that Carballeira's Motion, if brought pursuant to Rule 9023, was time-barred. Rule 9023 specifies that a motion must be filed within fourteen days from the entry of judgment. *See* Fed. R. Bankr. P. 9023. Here, Carballeira filed his Motion for Reconsideration more than fourteen days after the Bankruptcy Court's underlying decision. (*See* Adv. Pro. No. 15-1224, ECF No. 64.)

However, even if Carballeira's Rule 9023 Motion was timely filed, the Bankruptcy Court did not err by denying it. For the reasons outlined in Section II.B, the Bankruptcy Court did not err by denying Carballeira's underlying Motion to Compel a Warrant for Satisfaction of Judgment. Therefore, there was no clear error or manifest injustice for the Bankruptcy Court to correct on reconsideration.

In the final analysis, the Court concludes that the Bankruptcy Court did not err when it denied Carballeira's Motion for Reconsideration.

**CONCLUSION**

For the foregoing reasons, the Order of the Bankruptcy Court (Adv. Pro. No. 15-1224, ECF No. 69) is affirmed. An appropriate Order will follow.


Date: <u>May 21, 2021</u>                                      <u>*/s/ Anne E. Thompson*</u>
                                                        ANNE E. THOMPSON, U.S.D.J.